Brady, J.
The defendants interposed as a defense a decree of the circuit court of the United States for the southern district of New York, which was duly made and entered affecting the funds in their possession, and that they had duly complied with its directions by paying over the same to the receiver appointed by the court named. The plaintiff demurred to the answer chiefly upon the assumption that it was necessary to allege all the facts necessary to show that the court named had jurisdiction of the subject matter and of the persons affected by the decree. The demurrer was overruled upon the ground that the allegation made was sufficient, and this view seems to have been correct, inasmuch as section 532 of the Code expressly provides that in pleading a judgment or other determination of a court or special jurisdiction, it is not necessary to *317 state the facts conferring jurisdiction, but the judgment or determination may be stated to have been duly given or made.
The design of this provision was evidently to dispense with the necessity of compliance with the common law rule which requires a statement of the facts and circumstances showing a right to exercise jurisdiction, and thus to abbreviate pleadings. The provision mentioned does not, however, dispense with the necessary proof to establish the jurisdiction of a court of limited power. And thus a distinction is created between an allegation in the pleadings which is necessary to present the subject matter and the proof by which it is to be made available on the trial. This distinction does not seem to have impressed itself on the «counsel for the plaintiff, although it would seem from some portions of his brief that he recognized the necessity of the evidence suggested in order to make the defense available, notwithstanding the allegation that the decree relied upon was duly made. The judgment should be affirmed, with costs.
Van Brunt, P. J., and Daniels, J., concur.